UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL RAILROAD PASSENGER CORPORATION,

Plaintiff,

v.

FORUM, INC.,

Defendant and Third-Party Plaintiff,

v.

ADVANCE TRANSFORMER, CO.

Third-Party Defendant.

and

SOUTHCO, INC.,

Third-Party Defendant.

Case Number: 1:05CV01837

Judge: Paul L. Friedman

FILED ELECTRONICALLY

# AMENDED ANSWER AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT

AND NOW, comes Defendant/Third-Party Plaintiff, Forum, Inc. ("Forum"), by and through its attorneys, Dickie, McCamey & Chilcote, P.C., and files the within Amended Answer and Counterclaim to Plaintiff's First Amended Complaint, averring as follows:

1. Forum hereby incorporates its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, filed on November 10, 2005, as though set forth herein.

## PARTIES

2. Counterclaim Plaintiff, Forum, is a corporation organized in the Commonwealth of Pennsylvania with its principal place of business situated at 908 Old Freeport Road, Pittsburgh, Pennsylvania 15238.

ALL-STATE LEGAL® EXHIBIT "A"

3. Counterclaim Defendant, National Railroad Passenger Corporation ("Amtrak"), is a corporation established by Act of Congress with its principal place of business situated at 60 Massachusetts Avenue, NE, Washington, DC 20002.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over the counterclaim asserted by Forum pursuant to 28 U.S.C. §1332.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391.

**FIRST COUNTERCLAIM**

**Breach of Contract**

6. In Count II of Amtrak's First Amended Complaint, Amtrak asserts a breach of contract claim. (*See*, Paragraphs 26-34 of First Amended Complaint.) Forum denied and continues to deny liability under this count.

7. Forum entered into a contract with Amtrak wherein Amtrak requested and agreed to accept certain light fixtures that were manufactured and supplied by Forum. In exchange for compensation, Forum agreed to manufacture and supply the same.

8. In order to manufacture and supply the light fixtures, Forum was required to and did effectuate transactions with component part manufacturers. Forum used these component parts in manufacturing the light fixtures.

9. At all times relevant hereto, Forum manufactured and supplied the light fixtures in accordance with its agreement with Amtrak.

10. In April, 2005, Amtrak rejected an order of light fixtures and indicated its refusal to accept any subsequent orders.

11. Forum now has inventory consisting of both manufactured light fixtures and component parts which were to be used in manufacturing the same.

12. Forum manufactured the foregoing light fixtures and acquired the foregoing component parts in accordance with its agreement with Amtrak.

13. Forum relied on Amtrak's continued performance under their agreement.

14. As a result of Amtrak's unreasonable rejection and refusal to accept Forum-supplied light fixtures, Forum has sustained monetary damages in an amount to be proven at trial, which exceeds $141,514.00. (*See*, correspondence and billing summary, attached hereto as Exhibit "1".)

**PRAYER FOR RELIEF**

WHEREFORE, Defendant/Third-Party Plaintiff, Forum, prays that this Court enter judgment on the counterclaim in favor of Forum and against Counterclaim Defendant, Amtrak:

(a) granting Forum's judgment against Amtrak in an amount in excess of $141,514.00 for damages pursuant to Amtrak's breach of contract;

(b) granting Forum such other relief as this Court deems just and proper, including costs and reasonable attorneys' fees.

Dated: May 11, 2006

Respectfully submitted,

By: /s/ Steven W. Zoffer

Steven W. Zoffer, Esquire
D.C. Bar #435772
Douglas M. Grimsley, Esquire
Dist. Ct. of D.C. #PA0019

Dickie, McCamey & Chilcote, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA 15222
(412) 281-7272 (Telephone)
(412) 392-5397 (Facsimile)

szoffer@dmclaw.com
dgrimsley@dmclaw.com

Attorneys for Defendant/Third-Party Plaintiff, Forum, Inc.

LAW OFFICES OF
DICKIE, MCCAMEY & CHILCOTE
A PROFESSIONAL CORPORATION
TWO PPG PLACE, SUITE 400
PITTSBURGH, PENNSYLVANIA
15222-5402
TEL. 412/281-7272
FAX. 412/392-5367
WWW.DMCLAW.COM

PHILADELPHIA 215/925-2289
NEW JERSEY 856/988-5473
WASHINGTON, D.C. 888-434-5566
OHIO 740/284-1682
WEST VIRGINIA 304/233-1022

Steven W. Zoffer
Attorney-at-Law

412/392-5492
zoffers@dmclaw.com

May 16, 2003

Mr. Gary E. Eckenrode
Senior Director, Construction Procurement
National Railroad Passenger Corporation
30th Street Station
Philadelphia, PA 19104

RE: Forum, Inc., v. Amtrak
Contract No. C 093 28053

Dear Mr. Eckenrode:

Please allow the following to acknowledge receipt of your correspondence dated May 8, 2003, to Paula Garrett at Forum Lighting and also to advise that the undersigned counsel represents Forum Lighting. As you are aware, our client has for some time now been attempting to recover its invoices for Amtrak Terminal billing in the amount of $141,514.00. In this regard, I enclose my client's Amtrak inventory report which lists the parts and the value of the same.

I note that Forum, through Attorney Mellor had previously forwarded additional backup for Forum's expenses in this regard by correspondence dated October 4, 2002.

In light of the discussions and exchange of correspondence relative to this project generally that had proceeded your letter of May 8, 2003, our client was surprised to receive your correspondence indicating for the first time, "significant ballast failures" at the Philadelphia 30th Street Station and at the station in Providence. Upon receipt of this notification, Forum promptly dispatched one of its representatives to the station in Philadelphia to examine the fixtures. Generally, the report that we have is that the fixtures are operational and being reasonably maintained. We have a note that there are some fixtures that are not being utilized on a track which appears to be largely inactive, however, on that track the emergency circuit lighting which is driven by the same ballast which drives the two lamps in each portion of the fixture appears to be functioning properly.



Accordingly, we will need to develop a further understanding as to what you are referring to concerning ballast failures before we would be in any position to respond to these claims. We would specifically like to review any invoicing or other documentation for maintenance, replacement or the like pertaining to these fixtures or the ballasts and also be advised of any contact that there has been with the ballast manufacturer in this regard. We will be following up with the ballast manufacturer, Advance, ourselves to determine whether they have any indication of a problem with their ballast. I will note that we are not aware of any ballast problems from this manufacturer which is known both for its quality and predominance in the industry. We look forward to receiving this information promptly so that we may respond accordingly.

As a next step in terms of an "action plan", we would propose a meeting between Forum and Amtrak directly, preferably following a reasonable period of time for us to review the documentation which we have requested. Our client would be available to meet with you on the following dates: June 9, 2003; June 16, 2003; June 17, 2003; June 18,2003; and June 19, 2003.

Please advise as to as many of these available dates as would be convenient for you or alternatively kindly propose additional dates for our meeting.

We look forward to working with you toward an amicable and expeditious resolution to these matters. Please be advised, however, that as it has been some time since our client has forwarded its invoice and request for payment pursuant to its contract with Amtrak, if we do not hear from you within the next 10 business days, we will assume that the request for payment on Forum's outstanding invoice has been rejected and reserve our client's right to seek full legal redress in accordance with the prevailing contractual remedies and to the fullest extent permitted by law.

Please do not hesitate to contact the undersigned directly or Ms. Garrett with any comments or questions which you may have in this regard.

Very truly yours,

Steven W. Zoffer

SWZ:mlh

Enclosure:
Amtrak Billing Summary

cc w/o enc.:
Paula Garrett

FORUM, INC.
AMTRAK TERMINAL BILLING SUMMARY
@4/25/02

| | |
|---|---|
| PER BILLS OF MATERIALS REPORT | |
| MANUFACTURED PARTS - RAW MATERIALS ONLY | 10,284.22 |
| MANUFACTURED PARTS - LABOR ONLY (50%) | 10,284.22 |
| PER SUMMARY REPORT | |
| PURCHASED PARTS ONLY | 123,213.17 |
| PER ATTACHED SUMMARY | |
| BILLS OF MATERIAL ADDED MANUALLY - RAW MATERIALS ONLY | 196.44 |
| BILLS OF MATERIAL ADDED MANUALLY - LABOR ONLY | 196.44 |
| RENT EXPENSE | 10,870.36 |
| INTEREST EXPENSE | 25,786.25 |
| DIRECT SALARY COSTS | 2,594.90 |
| MOVE COSTS | 1,208.00 |
| CREDIT FOR 32 FIXTURES @ $1347.50 | (43,120.00) |
| TOTAL | 141,514.00 |

**CERTIFICATE OF SERVICE**

I, Douglas M. Grimsley, Esquire, hereby certify that a true and correct copy of the foregoing Amended Answer and Counterclaim to Plaintiff's First Amended Complaint has been served this 11th day of May, 2006, electronically and via U.S. first class mail, postage prepaid, to the following counsel of record:

Stephen M. Ryan, Esquire
Stephen L. Neal, Jr., Esquire
Manatt, Phelps & Phillips, LLP
700 12th Street, N.W., Suite 1100
Washington, DC 20005
***Counsel for Plaintiff***

/s/ Douglas M. Grimsley
Douglas M. Grimsley, Esquire