OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

Eastern   DISTRICT OF   Pennsylvania

NATIONAL RAILROAD PASSENGER CORPORATION,
Plaintiff,
V.
FORUM, INC.,
Defendant
and Third-Party Plaintiff,
V.
ADVANCE TRANSFORMER CO.,
Third-Party Defendant,
and
SOUTHCO, INC.,
Third-Party Defendant.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:05CV01837
Judge: Paul L. Friedman
Currently pending in the United States District Court
for the District of Columbia

TO: DPK&A Architects, LLP
421 Chestnut Street
Philadelphia, PA 19106

[ ] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Manatt, Phelps & Phillips, LLP<br>700 12th Street, N.W., Suite 1100<br>Washington, D.C. 20005 | July 20, 2006 |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature: Christopher T. Koegel]*   (Counsel for Plaintiff) | June 20, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christopher T. Koegel, Esq.
DC Bar No. 473478
Manatt, Phelps & Phillips, LLP

**EXHIBIT 1**

American LegalNet, Inc.
www.USCourtForms.com

700 12th Street, N.W., Suite 1100
Washington, D.C. 20005
Attorney for Plaintiff, National Railroad Passenger Corporation

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE SERVED: | PLACE |
|---|---|
| June 20, 2006 | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| DPK&A Architects, LLP<br>421 Chestnut Street<br>Philadelphia, PA 19106 | Certified Mail, Return Receipt Requested |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Christopher T. Koegel | Attorney for Plaintiff |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on June 20, 2006

_Christopher T. Koegel_
SIGNATURE OF SERVER

ADDRESS OF SERVER
Manatt, Phelps & Phillips, LLP
700 12th St., NW
Suite 1100
Washington, D.C. 20005

American LegalNet, Inc.
www.USCourtForms.com

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

30188343.1
DRAFT 6/20/06 1:42 PM

American LegalNet, Inc.
www.USCourtForms.com

## SUBPOENA ATTACHMENT A

### DEFINITIONS

1. "DPK&A" means DPK&A Architects, LLP, and includes, without limitation, its divisions, subsidiaries, affiliate corporations, parents, predecessors, successors-in-interest, joint ventures, and any such entities' EMPLOYEES.

2. "FORUM" means Defendant Forum, Inc. and includes, without limitation, its divisions, subsidiaries, affiliate corporations, parents, predecessors, successors-in-interest, joint ventures, and any such entities' EMPLOYEES.

3. "ADVANCE" means Third-Party Defendant Advance Transformer, Co. and includes, without limitation, its divisions, subsidiaries, affiliate corporations, parents, predecessors, successors-in-interest, joint ventures, and any such entities' EMPLOYEES.

4. "SOUTHCO" means Third-Party Defendant Southco, Inc. and includes, without limitation, its divisions, subsidiaries, affiliate corporations, parents, predecessors, successors-in-interest, joint ventures, and any such entities' EMPLOYEES.

5. "EMPLOYEE(S)" means any officer, director, trustee, agent, attorney, employee, representative, assign, accountant, investigator, and anyone else acting on its behalf, whether active or retired, full-time or part-time, current or former, and compensated or not.

6. "YOU," "YOUR," or "YOURS" means and refers to DPK&A.

7. "AMTRAK" means Plaintiff National Railroad Passenger Corporation and includes, without limitation, its divisions, subsidiaries, affiliate corporations, parents, predecessors, successors-in-interest, joint ventures, and any such entities' EMPLOYEES.

8. "PERSON" means natural person(s), corporation(s), firm(s), partnership(s), unincorporated association(s), trust(s) or other legal, business or governmental entities.

9. "COMPLAINT" means the First Amended Complaint filed by AMTRAK against Defendant FORUM in the United States District Court for the District of Columbia on or about October 27, 2005.

10. "THIRD PARTY COMPLAINT" means the Third Party Complaint filed by FORUM against Third-Party Defendants ADVANCE and SOUTHCO in the United States District Court for the District of Columbia on or about May 4, 2006

11. "CONTRACT" means the agreement between FORUM and AMTRAK whereby FORUM would provide FIXTURES for Amtrak stations along the Northeast Corridor, including stations at Washington, DC, the Baltimore-Washington Airport, Baltimore, MD, Wilmington, DE, Philadelphia, PA, New London, CT, Providence, RI, and Route 128 in Westwood, MA.

12. "PROTOTYPE" means the prototype light fixture FORUM provided to AMTRAK in conformance with DESIGN SPECIFICATIONS and other requirements of the CONTRACT.

13. "DESIGN SPECIFICATIONS" means the design specifications for light fixtures provided by AMTRAK to FORUM, entitled "Light Fixture Design Specification for Amtrak Luminaire Development and Fabrication Northeast Corridor Status" as incorporated in the CONTRACT.

14. "FIXTURES" means the light fixtures FORUM provided to AMTRAK under the CONTRACT.

15. "INSTALLATION," "INSTALL" or "INSTALLING" means the services YOU performed, including but not limited to, inspection, evaluation and installation of the FIXTURES.

16. "RE-INSTALLATION" or "RE-INSTALL" or "RE-INSTALLING" means

YOUR services to INSTALL the FIXTURES again, including uninstalling the FIXTURES.

17. "COMMUNICATION" means any transmission of information from one person, group, or entity to another including, without limitation, by personal meeting, telephone, facsimile, electronic mail, teleconference, and/or videoconference, for any purpose, whether or not planned.

18. "DOCUMENT(S)" has the same meaning herein as used in Rule 34(a) of the Federal Rules of Civil Procedure and shall be construed in its broadest sense to include, without limitation, any written, printed, typed, recorded, magnetic, punched, copied, graphic, or other tangible thing in, through, or from which information is embodied, translated, conveyed, or stored including, without limitation, contracts, correspondence, marketing plans, business plans, financial statements, invoices, receipts, memoranda, notes, records, books, papers, telegrams, telexes, electronic mail, dictation tapes, audio tapes, video tapes, computer tapes (including back-up tapes), computer disks (including back-up disks), CD Rom, diskette, magnetic tape, computer print outs, microfilm, microfiche, worksheets, diaries, calendars, phone messages, appointment books, and all copies and drafts of such DOCUMENTS except those that are identical in every respect to the original DOCUMENTS. Different versions of the same DOCUMENTS including, but not limited to, drafts, revisions, or DOCUMENTS with handwritten notations or marks not found in the original or on other copies are different DOCUMENTS and must be produced.

19. "PERTAIN," "PERTAINS," or "PERTAINING" to a given subject matter means analyzing, addressing, concerning, consisting of, regarding, referring to, refuting, relating to, discussing, describing, embodying, evidencing, constituting, comprising, containing, stating, setting forth, showing, disclosing, explaining, summarizing, memorializing, substantiating,

reflecting, commenting on, or otherwise having any logical or factual connection to the subject matter of the Request.

20. "IDENTIFY" or "IDENTITY" means:

(a) when applied to a natural person:

(1) the full name, last known address, and telephone number of the person;

(2) the name, address, and telephone number of the present employer of the person, and the present position(s) of the person with the present employer; and

(3) if different, the employer (including address and telephone number) of, and position(s) held by, the person at the time of the events PERTAINING to the Request.

(b) when applied to a person other than a natural person:

(1) the address, telephone number, and full name or title of the entity; and

(2) the principal business or activity of the entity.

(c) when applied to a COMMUNICATION:

(1) the date and place of occurrence;

(2) the manner of the COMMUNICATION (*e.g.*, personal meeting, telephone call, electronic mail);

(3) the IDENTITY of each person participating in the COMMUNICATION, including whom each such party represented or purported to represent;

(4) a detailed account of the purpose, content, and substance of the COMMUNICATION, including the substance of what transpired or what

4

was said; and

(5) the IDENTITY of all DOCUMENTS PERTAINING to the COMMUNICATION.

(d) when applied to a DOCUMENT:

(1) the IDENTITY of the author or any other person who prepared the DOCUMENT, excluding clerical assistance;

(2) the date of the DOCUMENT;

(3) the IDENTITY of each recipient of the DOCUMENT;

(4) the present location of the DOCUMENT and the IDENTITY of the custodian of the DOCUMENT; and

(5) the form of the DOCUMENT (*e.g.*, letter, memo, report).

## INSTRUCTIONS

1. Each DOCUMENT produced pursuant to a Request shall be identified by the number of the Request in response to which the DOCUMENT is produced. If, after a good faith and diligent search for the DOCUMENTS requested herein, YOU conclude that there never have been any DOCUMENTS in existence responsive to a Request, so state.

2. The original and each non-identical copy of each DOCUMENT or other tangible thing requested herein that is in YOUR possession, custody, or control is to be produced. A DOCUMENT with handwritten notes, editing marks, etc., is not identical to such a DOCUMENT without such notes or marks and therefore is to be produced.

3. Computer files, databases, and similar electronic records shall be produced in a readable and accessible industry-standard format or form mutually agreed upon by the parties, except where more specific instructions are expressly provided.

4. Each Request shall be answered fully unless it is objected to in good faith, in which event the reasons for YOUR objection shall be stated in accordance with Paragraph 8 of these Instructions. If an objection PERTAINS to only a portion of a Request or a word, phrase, or clause contained therein, YOU are required to state YOUR objection to that portion only. All portions of the Request that are not objected to must be produced.

5. If any DOCUMENT requested herein was formerly in YOUR possession, custody, or control and has been lost, destroyed, or otherwise disposed of, YOU shall submit in lieu of any such DOCUMENT a written statement describing in detail: (a) the nature of the DOCUMENT and its contents; (b) the IDENTITY of the person(s) who prepared or authored the DOCUMENT and, if applicable, the IDENTITY of the person(s) to whom the DOCUMENT was sent or shown; (c) the date on which the DOCUMENT was prepared or transmitted; and (d) the date the DOCUMENT was lost or destroyed and, if destroyed, the events of and reason(s) for such destruction and the IDENTITY, employer(s), and position(s) of the person(s) requesting and/or performing the destruction.

6. DOCUMENTS not otherwise responsive to these Requests including, but not limited to, routing slips, transmittal memoranda, letters, comments, evaluations, and email are to be produced if they are attached to, enclosed with, or electronically forwarded with any DOCUMENT that is responsive.

7. Each Request shall be deemed continuing so as to require supplemental responses if YOU obtain or discover additional information or DOCUMENTS after the date of YOUR initial production.

8. Where a Request calls for any DOCUMENT as to which YOU would claim any privilege or protection as grounds for non-production, YOU shall provide the following

6

information for each such DOCUMENT:

    (a)    The place, approximate date, and manner of recording, creating, or otherwise preparing the DOCUMENT;

    (b)    The IDENTITY of each person, other than a stenographer or clerical assistant, participating in the preparation and/or creation of the DOCUMENT;

    (c)    The IDENTITY of all sender(s), recipient(s), and/or custodians of the DOCUMENT;

    (d)    A statement of the basis on which privilege is claimed with respect to each DOCUMENT and whether or not its contents are limited solely to legal advice or information provided for the purpose of securing legal advice;

    (e)    The subject matter of the DOCUMENT, without revealing the contents as to which the privilege is claimed; and

    (f)    Any additional facts on which YOU base YOUR claim of privilege or protection.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

Each DOCUMENT and COMMUNICATION PERTAINING to the FIXTURES, including but not limited to, the design, DESIGN SPECIFICATIONS, INSTALLATION or RE-INSTALLATION of the FIXTURES.

**REQUEST FOR PRODUCTION NO. 2:**

Each DOCUMENT and COMMUNICATION PERTAINING to the COMPLAINT and/or THIRD PARTY COMPLAINT.

**REQUEST FOR PRODUCTION NO. 3:**

Each DOCUMENT and COMMUNICATION PERTAINING to any recommendations YOU provided concerning the INSTALLATION or RE-INSTALLATION of the FIXTURES.

7

**REQUEST FOR PRODUCTION NO. 4:**

Each DOCUMENT and COMMUNICATION identifying which of YOUR EMPLOYEES were involved in evaluating, examining, analyzing or providing recommendations PERTAINING to the FIXTURES, DESIGN SPECIFICATION, PROTOTYPE, or INSTALLATION of the FIXTURES, including their name, title, and role.

**REQUEST FOR PRODUCTION NO. 5:**

Each DOCUMENT and COMMUNICATION PERTAINING to any and all attempts by YOU, AMTRAK, FORUM and/or any third-party to diagnose, analyze and/or cure any defects and/or deficiencies in the DESIGN SPECIFICATION, FIXTURES or INSTALLATION of the FIXTURES.

**REQUEST FOR PRODUCTION NO. 6:**

Each DOCUMENT and COMMUNICATION PERTAINING to any operative problems, safety concerns, inspections, recommendations, and/or repairs of the DESIGN SPECIFICATION, FIXTURES or INSTALLATION of the FIXTURES.

**REQUEST FOR PRODUCTION NO. 7:**

Each DOCUMENT and COMMUNICATION PERTAINING to YOUR recommendations to repair any problems with the DESIGN SPECIFICATION, FIXTURES or INSTALLATION of the FIXTURES.

**REQUEST FOR PRODUCTION NO. 8:**

Each DOCUMENT and COMMUNICATION PERTAINING to each instance when any PERSON attempted to diagnose, cure or attempt to cure the problems with the DESIGN SPECIFICATION, FIXTURES or INSTALLATION of the FIXTURES.

**REQUEST FOR PRODUCTION NO. 9:**

Each DOCUMENT and COMMUNICATION PERTAINING to corrective actions or recommended corrective actions taken with the FIXTURES, including but not limited to, FIXTURES or INSTALLATION of the FIXTURES.

**REQUEST FOR PRODUCTION NO. 10:**

Each DOCUMENT and COMMUNICATION PERTAINING to problems with the FIXTURES, including but not limited to, defective lenses, LEDs, conduits, installation, ballasts and fuses.

**REQUEST FOR PRODUCTION NO. 11:**

Each DOCUMENT and COMMUNICATION PERTAINING to YOUR observation, evaluation, examination or analyses of the FIXTURES or INSTALLATION of the FIXTURES conforming or not conforming to DESIGN SPECIFICATIONS, industry standards or any other instructions or requirements.

**REQUEST FOR PRODUCTION NO. 12:**

Each DOCUMENT and COMMUNICATION PERTAINING to how you were selected or requested to perform YOUR services PERTAINING to the FIXTURES.

**REQUEST FOR PRODUCTION NO. 13:**

Each DOCUMENT and COMMUNICATION PERTAINING to any payments made to YOU for services performed PERTAINING to the FIXTURES, including but not limited to, invoices, bills or checks.

**REQUEST FOR PRODUCTION NO. 14:**

Each DOCUMENT and COMMUNICATION PERTAINING to the FIXTURES, including, but not limited to the PROTOTYPE, DESIGN SPECIFICATIONS, design, assembly, manufacture, components, CONTRACT, INSTALLATION, inspection, evaluation, testing,

problems, repair, modification or RE-INSTALLATION of the FIXTURES.

**REQUEST FOR PRODUCTION NO. 15:**

Each DOCUMENT, memoranda, note, correspondence, drawing, photograph, picture, blueprint and/or file material provided to and/or received from FORUM PERTAINING to the installation, service, repair, modification, maintenance, testing, evaluation, design, components, problems, shortcomings, defects of the FIXTURES.

30188341.1