UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**NATIONAL RAILROAD PASSENGER**     )
**CORPORATION**,                    )
                                    )
       **Plaintiff,**         )
                                    )
   v.                             )   Case Number 1:05CV01837
                                    )
**FORUM, INC.**,                    )   Judge Paul L. Friedman
                                    )
       **Defendant and Third-party**    )
       **Plaintiff**,         )
                                    )
   v.                             )
                                    )
**ADVANCE TRANSFORMER CO.**         )
**10275 West Higgins Road**         )
**Rosemont, IL 60018,**             )
                                    )
       **Third-party Defendant,**       )
                                    )
**and**                             )
                                    )
**SOUTHCO, INC.,**                  )
                                    )
       **Third-party Defendant**.       )
_____)

**ANSWER OF THIRD-PARTY DEFENDANT ADVANCE
TRANSFORMER CO. TO THE THIRD-PARTY COMPLAINT**

    Third-party Defendant Advance Transformer Co. ("Advance") hereby responds to the allegations of the Third-party Complaint filed by Defendant and Third Party Plaintiff Forum, Inc. ("Forum"), according to the numbered paragraphs thereof, as follows:

    1.   ADMITTED.

    2.   Advance is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, such allegations are DENIED.

  3. Advance is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, such allegations are DENIED.

  4. DENIED that Delaware is a Commonwealth and otherwise ADMITTED.

  5. Advance is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, such allegations are DENIED.

  6. This paragraph states only a legal conclusion as to which no response is required.

  7. This paragraph states only a legal conclusion as to which no response is required.

  8. This paragraph does nothing more than characterize the allegations of the First Amended Complaint; however, the First Amended Complaint speaks for itself and, for that reason, no response is required. Advance respectfully refers the Court to the First Amended Complaint for the accuracy of the allegations pled therein.

  9. ADMITTED.

  10. Advance is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, such allegations are DENIED.

  11. Advance is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, such allegations are DENIED.

  12. Advance ADMITS that it has supplied ballasts to Forum and that Forum included some of those ballasts with lighting fixtures Forum supplied to Plaintiff National Railroad Passenger Corporation ("Amtrak"). Advance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, such allegations are DENIED.

  13. ADMITTED.

 14-15. The allegations of these paragraphs are directed solely to a party other than Advance and, for that reason, no response is required from this third-party defendant. To the extent that a

further response is deemed to be required from this third-party defendant, Advance is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs and, on that basis, such allegations are DENIED.

16.    The allegations of the first sentence of this paragraph do no more than characterize the allegations of the First Amended Complaint; however, that document speaks for itself and, accordingly, no response is required. Advance respectfully refers the Court to the First Amended Complaint for the accuracy of the allegations pled therein. The second sentence of this paragraph is unintelligible and, for that reason, Advance is unable to provide a reasoned response. To the extent that a further response is deemed to be required, all allegations of the second sentence of this paragraph that are directed at Advance are DENIED. As to the remaining allegations of the second sentence of this paragraph, all such allegations are directed to a party other than Advance and, for that reason, no response is required from Advance. To the extent that a response to such allegations is deemed to be required, Advance is without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, such allegations are DENIED.

17.    The allegations of the first sentence of this paragraph do no more than characterize the allegations of the First Amended Complaint; however, that document speaks for itself and, accordingly, no response is required. Advance respectfully refers the Court to the First Amended Complaint for the accuracy of the allegations pled therein. As to the second sentence of this paragraph, all allegations directed to Advance and to ballasts are DENIED. As to the remaining allegations of the second sentence of this paragraph, all such allegations are directed to a party other than Advance and, for that reason, no response is required from Advance. To the extent that a response to such allegations is deemed to be required, Advance is without knowledge or

information sufficient to form a belief as to the truth of such allegations and, on that basis, such allegations are DENIED.

**COUNT I**

18. Advance incorporates by reference, as if fully stated herein, its responses set forth above to Paragraphs 1 through 17 of the Third-party Complaint.

19. DENIED.  By way of further response, Advance avers that the contract between it and Forum was comprised of a document or documents other than and/or in addition to Forum Purchase Order No. 032886-00 and that such other document or documents included the document entitled "Warranty and Conditions of Sale," a copy of which is appended as Exhibit A hereto.

20. DENIED.

21. ADMITTED that Forum expressly denies that any non-conforming ballasts were incorporated into the subject light fixtures Forum supplied to Amtrak.  All remaining allegations of this paragraph are DENIED.

22. DENIED.

**COUNT II**

23. Advance incorporates by reference, as if fully stated herein, its responses set forth above to Paragraphs 1 through 22 of the Third-party Complaint.

24. ADMITTED.

25. DENIED.  By way of further response, Advance avers that the payments it received from Forum were in an amount that was no more than was necessary to fully and fairly compensate Advance for the value of the ballasts that Advance supplied to Forum.

26. ADMITTED that Forum expressly denies that any non-conforming ballasts were incorporated into the subject light fixtures Forum supplied to Amtrak. All remaining allegations of this paragraph are DENIED.

## COUNT III

27. Advance incorporates by reference, as if fully stated herein, its responses set forth above to Paragraphs 1 through 26 of the Third-party Complaint.

28. Advance is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, such allegations are DENIED. By way of further response, Advance avers that, in response to a request from undersigned counsel for Advance, counsel for Forum forwarded to undersigned counsel for Advance on June 26, 2006, a copy of Forum Purchase Order No. 032886-00 and other documents related to Forum's purchase of ballasts from Advance and that the alleged "Terms and Conditions" were not included with such documents. *See also* ¶ 19, *supra*, and Exhibit A to this Answer.

29. ADMITTED that Forum expressly denies that any non-conforming ballast was incorporated into the subject light fixtures Forum supplied to Amtrak. All remaining allegations of this paragraph are DENIED.

30. DENIED.

## COUNT IV

31-35. All allegations of these paragraphs are directed to a party other than Advance and, accordingly, no response is required from this third-party defendant.

## COUNT V

36-39. All allegations of these paragraphs are directed to a party other than Advance and, accordingly, no response is required from this third-party defendant.

## COUNT VI

40-43.   All allegations of these paragraphs are directed to a party other than Advance and, accordingly, no response is required from this third-party defendant.

## COUNT VII

44.   Advance incorporates by reference, as if fully stated herein, its responses set forth above to Paragraphs 1-30 of the Third-party Complaint.

45.   The allegations of the first sentence of this paragraph do no more than characterize the allegations of the First Amended Complaint; however, that document speaks for itself and, accordingly, no response is required.  Advance respectfully refers the Court to the First Amended Complaint for the accuracy of the allegations pled therein.  To the extent that a response to the allegations of the first sentence of this paragraph is deemed to be required, such allegations are DENIED.  The allegations of the second sentence of this paragraph are ADMITTED.  The allegations of the third sentence of this paragraph are DENIED.

46-47.   The allegations of these paragraphs state only legal conclusions as to which no responses are required.  To the extent that responses to these allegations are deemed to be required, such allegations are DENIED.

48.   DENIED.

49.   DENIED.

50.   DENIED.

51.   DENIED.

## COUNT VII

52-59.   All allegations of these paragraphs are directed to a party other than Advance and, accordingly, no response is required from this third-party defendant.

## COUNT IX

60. Advance incorporates by reference, as if fully stated herein, its responses set forth above to Paragraphs 1-30 and 44-51 of the Third-party Complaint.

61. ADMITTED.

62. DENIED.

63. DENIED.

64. DENIED.

## COUNT X

65-69. All allegations of these paragraphs are directed to a party other than Advance and, accordingly, no response is required from this third-party defendant.

## FIRST AFFIRMATIVE DEFENSE

The Third-party Complaint fails to state any claim against Advance upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Forum's claims against Advance are barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

Forum's claims against Advance are barred by the doctrine of accord and satisfaction.

### FOURTH AFFIRMATIVE DEFENSE

Forum's claims against Advance are barred by the express terms of the contract between Forum and Advance, which provide the exclusive limited warranty and the exclusive remedy available to Forum.

### FIFTH AFFIRMATIVE DEFENSE

Forum's claims against Advance are barred by the Limitation of Liability provision of the contract between Forum and Advance.

### SIXTH AFFIRMATIVE DEFENSE

Forum's claims against Advance are barred by the doctrines of waiver and estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Forum's claims against Advance are barred by laches.

### EIGHTH AFFIRMATIVE DEFENSE

Forum's claims against Advance are barred, in whole or in part, by Forum's failure to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE

Forum's claims against Advance are barred, in whole or in part, by Forum's contributory and/or comparative negligence.

- 9 -

**TENTH AFFIRMATIVE DEFENSE**

Advance is not, and could not be, liable to Forum for either all or any part of Amtrak's claims against Forum.

WHEREFORE, Third-party Defendant Advance Transformer Co. demands that all claims of the Third-party Complaint asserted against it be dismissed with prejudice, that it be awarded its costs incurred in this matter, and that it be awarded such other and further relief as this Court deems just and appropriate.

                /s/                   .
Joseph Brooks (D.C. Bar #366739)
Wade B. Wilson (D.C. Bar #468067)
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel.: (202) 739-3000
Fax: (202) 739-3001

*Counsel for Third-party Defendant
Advance Transformer Co.*

Dated: July 5, 2006