IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION, | ) ) ) |
| Plaintiffs | ) Civil Action No. 1:05CV01837 |
| v. | ) ) |
| | ) District Judge Paul L. Friedman |
| FORUM, INC., | ) ) |
| Defendant and Third Party Plaintiff | ) JURY TRIAL DEMANDED ) ) ) |
| v. | ) ) |
| ADVANCE TRANSFORMER, CO. and SOUTHCO, INC., | ) ) ELECTRONICALLY FILED |
| | ) |
| Third Party Defendants | ) ) |

THIRD PARTY DEFENDANT SOUTHCO, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO THIRD PARTY COMPLAINT

Third Party Defendant Southco, Inc. ("Southco"), by its undersigned counsel, responds to the allegations contained in the Third Party Complaint as follows:

FIRST AFFIRMATIVE DEFENSE

1.  The allegations contained in Paragraphs 1 and 5 of the Third Party Complaint are admitted.

2.  After reasonable investigation, Southco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2, 3, 4, 10, 11, 12, 13, 18 through 30, 41, 44 through 51, 60 through 64 and

66 of the Third Party Complaint and for that reason said allegations are deemed denied.

3. The allegations contained in Paragraphs 6, 7, 8, 9, 32, 33 and 38 of the Third Party Complaint are conclusions of law to which no response is required. To the extent that a response may be deemed to be required, the allegations of Paragraphs 6, 7, 8, 9, 32, 33 and 38 are denied.

4. The allegations contained in Paragraph 14 of the Third Party Complaint are admitted in part, and denied in part. It is admitted that at various times, Forum placed orders with Southco for the purchase of draw latches, which orders were filled by Southco. The remaining allegations contained in Paragraph 14 are denied.

5. The allegations contained in Paragraphs 15, 34, 35, 39, 42, 43, 54, 55, 56, 57, 58, 59, 67, 68 and 69 of the Third Party Complaint are denied.

6. With respect to the allegations contained in Paragraph 16 of the Third Party Complaint, it is denied that Southco supplied "clips" to Forum or that it is liable to Forum. With respect to the remaining allegations contained in Paragraph 16, after reasonable investigation, Southco lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and for that reason they are deemed denied.

7. With respect to the allegations contained in Paragraph 17 of the Third Party Complaint, it is denied that Southco supplied "clips" to Forum or that any purported lack of conformity of Forum's light fixtures with Amtrak's design specifications was as the result of a product supplied by Southco. With respect to the remaining allegations contained in Paragraph 17, after reasonable investigation Southco lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and for that reason they are deemed denied.

8. The allegations contained in Paragraph 37 of the Third Party Complaint are admitted in part and denied in part. It is admitted that Forum submitted payments to Southco for draw latches supplied by Southco to it. The remaining allegations contained in Paragraph 37 are denied.

9. In response to the allegations contained in Paragraph 53 of the Third Party Complaint, it is denied that Southco engaged in any negligent conduct or that any negligent conduct on its part caused or contributed to a defective product or non-conforming design. After reasonable investigation, Southco lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph

53, and for that reason they are deemed denied and strict proof thereof is demanded at the time of trial.

WHEREFORE, Third Party Defendant Southco, Inc. denies any and all liability to Forum, and demands judgmentin its favor, costs and other such relief as may be appropriate.

### SECOND AFFIRMATIVE DEFENSE

10. Forum has failed to state a claim against Southco upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

11. Southco pleads the applicable statutes of limitations as a complete bar to all claims asserted or which could be asserted against Southco in this action.

### FOURTH AFFIRMATIVE DEFENSE

12. Southco fulfilled all of its warranty obligations to Forum.

### FIFTH AFFIRMATIVE DEFENSE

13. Forum's claims against Southco are barred by the doctrines of laches and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

14. Southco's offer and Forum's acceptance of replacement draw latches constitutes an accord and satisfaction.

SEVENTH AFFIRMATIVE DEFENSE
---

15. To the extent that Forum has pleaded a viable negligence claim which is not barred by the statute of limitations, which Southco does not admit, its claims are barred in whole or in part by its own contributory and/or comparative negligence.

WHEREFORE, Third Party Defendant Southco, Inc. demands judgment in its favor, together with costs of suit, and a trial by jury is hereby demanded.

                                        MEYER, UNKOVIC & SCOTT LLP

                                        By: /s/Russell J. Ober, Jr.
                                              Russell J. Ober, Jr.
                                              D.C.ID#PA0021
                                              rjo@muslaw.com

                                              /s/Patricia L. Dodge
                                              Patricia L. Dodge
                                              D.C.ID#PA0020
                                              pld@muslaw.com

                                              1300 Oliver Building
                                              Pittsburgh, PA  15222
                                              (412) 456-2800
                                              (412) 456-2864/Fax

                                              ATTORNEYS FOR SOUTHCO, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing Answer and Affirmative Defenses was served upon all counsel of record electronically and by first-class United States mail, postage prepaid, this 16th day of August, 2006, addressed as follows:

>Stephen Lybrook Neal, Jr., Esquire
>Manatt, Phelps & Phillips, L.L.P.
>700 12th Street, NW
>Suite 1100
>Washington, DC  20005
>
>Philip John Harvey, Esquire
>Venable, Baetjer & Howard LLP
>8010 Towers Crescent Drive
>Vienna, VA  22182
>
>Steven W. Zoffer, Esquire
>Dickie McCamey & Chilcote, P.C.
>Two PPG Place, Suite 400
>Pittsburgh, PA  15222
>
>Joseph Brooks, Esquire
>Morgan Lewis & Bockus, LLP
>1111 Pennsylvania Avenue, NW
>Washington, DC  20004-2541

/s/Russell J. Ober, Jr.