UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
NATIONAL RAILROAD PASSENGER               )
CORPORATION,                              )
                                          )
              Plaintiff,                  )
                                          )
       v.                                 )   Civil Action No.: 1:05CV01837
                                          )   Judge: Paul L. Friedman
FORUM, INC.,                              )
              Defendant                   )
              and Third-Party Plaintiff,  )   FILED ELECTRONICALLY
                                          )
       v.                                 )
                                          )
ADVANCE INCORPORATED,                     )
                                          )
              Third-Party Defendant;      )
                                          )
SOUTHCO, INC.,                            )
                                          )
              Third-Party Defendant.      )
_____)

**DEFENDANT AND THIRD PARTY PLAINTIFF, FORUM, INC.'S
RESPONSE TO PLAINTIFF'S PROPOSED REVISED SCHEDULING ORDER**

AND NOW, comes Defendant and Third-Party Plaintiff Forum, Inc., by and through its counsel, Dickie, McCamey & Chilcote, P.C., and hereby responds to Plaintiff Amtrak's Proposed Revised Scheduling Order as follows:

1.  At the August 26, 2006 Status Conference, the Court ordered counsel for the Defendant, Forum, Inc., and Plaintiff, Amtrak, to meet and confer regarding the discovery and briefing schedule, similar to the one set forth in the Court's Minute Order of August 26, 2006, with respect to the Third Party Defendants. Despite best efforts, as of this date, counsel for

Amtrak and Forum have yet to reach an agreement as to whether, as Forum has proposed, the parties should follow a discovery and briefing schedule properly limited to resolving the statute of limitations issues which exist in this case or whether, as Amtrak proposes, the parties should engage in broader discovery regardless of the statute of limitations.

2. On September 6, 2006, Amtrak filed with the Court a Proposed Revised Scheduling Order which would permit broad discovery beyond the statute of limitations issues. Defendant, Forum, Inc., counter-proposes a Revised Scheduling Order which is more consistent with the discovery and briefing schedule outlined by the Court for the Third Party Defendants in this case.

3. In order to promote judicial economy, preserve the resources of the parties and prevent undue prejudice to the Additional Defendants, further discovery between Plaintiff, Amtrak, and Defendant, Forum, Inc., should be stayed except as to statute of limitations issues. To continue with broad, unlimited discovery, with the potential for Court intervention in discovery disputes, will waste not only the resources of the parties, but this Court as well.

4. Furthermore, to allow depositions on issues beyond the statute of limitations issues subjects the Third Party Defendants to potential prejudice and, in turn, prejudice to the Defendant, Forum. The Third Party Defendants would be required to attend depositions between Amtrak and Forum to preserve their future rights with regard to this litigation or, alternatively, said depositions would have to be repeated to accommodate the Third Party Defendants should motions on the statute of limitations be denied.

5. There is no prejudice to Plaintiff, Amtrak, by limiting the scope of further discovery to the statute of limitations issues pending this Court's determination of the threshold

issue raised by the statute of limitations, as the parties preserve their right to continue with broader discovery on the many other issues, should the Court deny statute of limitations motions.

6.  Amtrak has objected to any written discovery which would be forthcoming from Forum on the statute of limitations issues.  This is understandable, in light of the fact that the answers to these inquiries will provide support for Forum's Motion for Summary Judgment based upon the statute of limitations defense.  In fact, in responding to the only Interrogatory of the limited number Interrogatories permitted under the Rules thus far which addresses the statute of limitations, in part, Amtrak has objected, making general references to "discussions and correspondence."  Without being able to serve further, albeit limited, discovery requests upon Amtrak to clarify the issues raised by Amtrak's minimal response and the statute of limitations in this case, Forum would be prejudiced in both its defense of this case on the merits and in continuing to incur the costs associated with the same.

WHEREFORE, Defendant and Third Party Plaintiff, Forum, Inc., prays this Court enter the attached Order limiting the scope of discovery to statute of limitations issues and requiring that Plaintiff and Defendant follow a similar discovery and briefing schedule as set forth in this Court's August 26, 2006 Minute Order relative to the Third Party Defendants and which is consistent with the dates proposed by Amtrak for responding to outstanding document requests,

and the dates for completing depositions and motions on the statute of limitations issue as well as the dates for responding to said motions and replies based on the statute of limitations.

        Respectfully submitted,

        DICKIE, McCAMEY & CHILCOTE, P.C.

        By:  /s/ Steven W. Zoffer
          Steven W. Zoffer, Esquire
          D.C. Bar #435772
          szoffer@dmclaw.com

          Douglas M. Grimsley, Esquire
          D.C. Bar #PA0019
          dgrimsley@dmclaw.com

          Dickie, McCamey & Chilcote, P.C.
          Two PPG Place, Suite 400
          Pittsburgh, PA  15222
          (412) 281-7272 (Telephone)
          (412) 392-5397 (Facsimile)

          Attorneys for Defendant/Third Party
          Plaintiff, Forum, Inc.

Dated: September 11, 2006

## CERTIFICATE OF SERVICE

  I hereby certify that on <u>September 11, 2006</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Stephen L. Neal, Jr., Esquire<br>Christopher Koegel, Esquire<br>Stephen M. Ryan, Esquire<br>Manatt Phelps & Phillips, LLP<br>700 12th Street, N.W.<br>Suite 1100<br>Washington, DC  20005<br>(Attorneys for Plaintiff) | Marylin Jenkins Milner, Esquire<br>Associate General Counsel<br>National Railroad Passenger Corporation<br>60 Massachusetts Avenue, NE<br>Washington, D.C. 20002<br>(Of Counsel for Plaintiff) |
| Russell J. Ober, Jr., Esquire<br>Patricia L. Dodge, Esquire<br>Meyer, Unkovic & Scott LLP<br>1300 Oliver Building<br>Pittsburgh, PA  15222-2304<br>(Attorneys for Third-Party Defendant, Southco, Inc.) | Joseph Brooks, Esquire<br>Wade B. Wilson, Esquire<br>Morgan, Lewis & Bockius LLP<br>1111 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20004<br>(Attorneys for Third-Party Defendant, Advance Transformer Co.) |

        DICKIE, McCAMEY & CHILCOTE, P.C.

    By:   /s/ Steven W. Zoffer
        Steven W. Zoffer, Esquire
        D.C. Bar #435772
        szoffer@dmclaw.com

        Douglas M. Grimsley, Esquire
        D.C. Bar #PA0019
        dgrimsley@dmclaw.com

        Attorneys for Defendant/Third Party Plaintiff, Forum, Inc.

Case 1:05-cv-01837-PLF    Document 36    Filed 09/11/2006    Page 6 of 6