UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>FORUM, INC.,<br>    Defendant<br>    and Third-Party Plaintiff,<br><br>v.<br><br>ADVANCE TRANSFORMER, CO., and SOUTHCO, INC.,<br><br>    Third-Party Defendants. | Civil Action No.: 1:05CV01837<br><br>Judge Paul L. Friedman<br><br>Magistrate Judge Deborah A. Robinson<br><br>Next Scheduled Court Deadline: 11/20/2006 Status Conference (3:00 p.m.) |

## STATUS REPORT

Pursuant to the Court's November 13, 2006 Order, Plaintiff National Railroad Passenger Corporation ("Amtrak") submits this Status Report. Although Amtrak's counsel conferred with counsel for the other parties, as of the date and time of filing, none of the other parties would consent to join this Status Report. Defendant and Third-Party Plaintiff Forum, Inc. ("Forum") and Third-Party Defendants Southco, Inc. ("Southco") and Advance Transformer, Co. ("Advance") may file their own Status Report.

### I.     PROCEDURAL BACKGROUND

On September 16, 2005, Amtrak filed a Complaint against Forum seeking, *inter alia*, damages for breach of contract, rejection/revocation of acceptance, breach of the implied covenant of good faith and fair dealing, breach of express warranty, breach of implied warranty, unjust enrichment and fraud. On October 27, 2005, Amtrak filed a First Amended Complaint to add a cause of action for negligence.

Forum answered the First Amended Complaint on November 16, 2005. In the ensuing months, Forum and Amtrak exchanged written discovery, including Initial Disclosures, requests for documents, interrogatories, witness lists, and discovery responses.

In May, 2006, Forum sought leave of Court, and pursuant to a Court Order dated May 8, 2006, Forum filed a Third-Party Complaint against Advance and Southco.

Over the Summer of 2006, both Amtrak and Forum conducted extensive third-party discovery including the issuance of third-party document subpoenas to at least 12 third-parties. On July 14, 2006, Amtrak served its first set of document requests and interrogatories to Advance. On July 21, 2006, Amtrak served its first set of document requests and interrogatories on Southco.

The Court held a Status Conference on August 25, 2006. Immediately following the Status Conference, the Court ordered that:

> as to Third Party Defendants Southco, Inc. and Advance Transformer Co., discovery and the proceedings are stayed, except as to statutes of limitations issues. Limited discovery for the purposes of preparing a motion on statute of limitations issues, and oppositions thereto, shall proceed as follows: requests for written discovery are due by September 12, 2006; responses to the written discovery requests are due by October 12, 2006; depositions will be completed by November 14, 2006; motions by the third party defendants raising statute of limitations defenses are due by December 14, 2006; any oppositions thereto are due by January 16, 2007; and any replies are due by February 1, 2007. Nothing in this order will preclude future discovery on other issues should any motions on statutes of limitations be denied.

Over Amtrak's objection, on September 12, 2006, the Court issued a similar order with respect to Amtrak and Forum:

> Written Discovery due by 9/17/2006; Responses to written discovery requests pertaining to statute of limitations issues due by 10/17/2006; Depositions to be completed by 11/21/2006; Motions by defendant raising statute of limitations defenses due by 12/21/2006; Responses due by 1/30/2007; Replies due by

2/15/2007.

Pursuant to the Court's Orders, the parties exchanged written discovery requests. On October 12-18, 2006, the parties served their objections and responses to the various written discovery requests, except that Advance improperly refused to substantively respond to Amtrak's written discovery requests. Since that time, the parties have taken the depositions of the Forum, Advance and Southco corporate designees,[1] as well as Don Dziubaty of Forum, Al Lasoff (formerly of Advance), and Larry Thomas (formerly of Southco). The parties have yet to take the depositions of current and former Amtrak employees Mary Montgomery, Michael Latiff and Ellen Taylor, but are in the process of working out acceptable dates for those depositions.

During the course of discovery, several disputes arose with respect to Advance's conduct that necessitated judicial intervention. In accordance with the applicable Rules, Amtrak called the Court to set up a teleconference to discuss the issue. On November 7, 2006, the Court referred all discovery disputes to the Honorable Deborah A. Robinson for resolution. That same day, Judge Robinson set a Status Hearing for November 14, 2006 at 9:30 a.m. and ordered that a Joint Status Report be filed by November 10, 2006. Because Mr. Lasoff's deposition was already set for that day (and Advance's counsel had advised that he was not available any other day), on November 13, 2006, Judge Robinson continued the Status Hearing until November 20, 2006 at 3:00 p.m. and ordered that the parties file a Joint Status by November 17, 2006.

## II.    DISCOVERY DISPUTES

Amtrak had previously sought the Court's intervention because of several discovery disputes, all of which concern Advance.

---

[1] As discussed more fully below, Advance's counsel improperly terminated the deposition of Advance's corporate designee.

For instance, Advance's counsel improperly terminated the deposition of Advance's Fed. R. Civ. P. 30(b)(6) corporate designee, Robert Erhardt.[2] At Mr. Erhardt's deposition, counsel for Forum, Steven Zoffer, Esq., questioned the witness first for approximately 3 hours. Counsel for Amtrak then questioned the witness for only approximately 1 hour and 15 minutes before Advance's counsel, Joseph Brooks, Esq., improperly terminated Mr. Erhardt's deposition prior to the conclusion of Amtrak's questioning and stated that he would not produce this witness again absent a Court Order. *See* Erhardt Dep. Tr. at 210-213 (a true and correct copy of which is attached hereto as Exhibit A).

Mr. Brooks also engaged in a variety of other improper conduct at this deposition, including improper "speaking" objections which coached the witness,[3] improper assertions of the attorney-client privilege and attorney work-product doctrine,[4] improper attorney testimony,[5] and otherwise abusive behavior.[6] This conduct is in clear violation of Fed. R. Civ. P. 30(d) and the orders and law that govern the taking of depositions in this jurisdiction.

Since Amtrak first requested judicial intervention, the parties have taken the deposition of Al Lasoff, a former employee of Advance (and now a consultant to Advance). Amtrak had originally sought to continue the deposition of Advance's corporate designee, Mr. Erhardt, due to

---

[2] Federal Rule of Civil Procedure 30(d)(2) provides that "[u]nless authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours." Rule 30(d)(3) further provides that "[i]f the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fess incurred by any party as a result thereof."

[3] *See, e.g.,* Erhardt Dep. Tr. at 81:20-82:20; 83:9-16; 90:20-91:18; 113:9-114:5; 127:21-129:6; 149:15-151:4; 218:12-219:16; 221:9-222:9.

[4] *See, e.g.,* Erhardt Dep. Tr. at 30:17-33:5; 34:3-36:21; 192:17-197:4; 198:4-199:12, 200:20-203:4.

[5] *See, e.g.,* Erhardt Dep. Tr. at 33:1-33:5; 83:9-16; 90:4-9.

[6] *See, e.g.,* Erhardt Dep. Tr. at 35:13-36:21.

Mr. Brooks' improper termination of that deposition and other improper conduct. However, given Mr. Lasoff's testimony, further testimony by Mr. Erhardt is no longer cost-effective.

Consequently, Amtrak no longer believes that a Status Hearing is required at this time.

Dated: November 17, 2006         By:        /s/
                                        Stephen M. Ryan, Esq.
                                        DC Bar No. 359099
                                        Stephen L. Neal, Jr., Esq.
                                        DC Bar No. 441405
                                        Christopher T. Koegel, Esq.
                                        DC Bar No. 473478
                                        Manatt, Phelps & Phillips, LLP
                                        700 12th Street, NW, Suite 1100
                                        Washington, DC 20005
                                        (202) 585-6500 (phone)
                                        (202) 585-6600 (fax)
                                        sryan@manatt.com
                                        sneal@manatt.com
                                        ckoegel@manatt.com

                                        *Counsel for Plaintiff National Railroad Passenger Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November, 2006, a copy of the foregoing Status Report was served by electronic and first-class mail upon:

Philip J. Harvey, Esq.
Venable, LLP
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182

Steven W. Zoffer, Esq.
Dicki, McCamey & Chilcote, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA 15222

*Counsel for Defendant Forum, Inc.*

Russell J. Ober, Jr., Esq.
Patricia L. Dodge, Esq.
Meyer, Unkovic & Scott, LLP
1300 Oliver Building
Pittsburgh, PA 15222

*Counsel for Third-Party Defendant Southco, Inc.*

Joseph Brooks, Esq.
Wade B. Wilson, Esq.
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

*Counsel for Third-Party Defendant Advance Transformer, Co.*

                                                  /s/
                                        Stephen L. Neal, Jr.

30192798.1