**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>FORUM, INC.,<br><br>Defendant and Third-Party Plaintiff,<br><br>v.<br><br>ADVANCE TRANSFORMER, CO. and SOUTHCO, INC.,<br><br>Third-Party Defendants. | ) | Civil Action No.: 1:05CV01837<br><br>Judge Paul L. Friedman<br><br>Magistrate Judge Deborah A. Robinson<br><br>**FILED ELECTRONICALLY** |

**DEFENDANT AND THIRD-PARTY PLAINTIFF, FORUM, INC'S STATEMENT OF MATERIAL FACTS**

AND NOW, comes Defendant and Third-Party Plaintiff, Forum, Inc., by and through its attorneys, Dickie, McCamey & Chilcote, P.C., and files this Statement of Material Facts, which accompanies its Statement of Points and Authorities in Support of Motion for Summary Judgment Raising the Defense of the Statute of Limitations.

**STATEMENT OF MATERIAL FACTS**

1. In 2005, National Railroad Passenger Corporation ("Amtrak") sued Forum, Inc. ("Forum") in connection with Forum's design and manufacture of certain luminaires six to seven years earlier in 1998 and 1999. (*See*, Amtrak's Complaint and First Amended Complaint).

2. It is undisputed that Amtrak, on or about August 18, 1998, invited Forum to participate in a program to develop and manufacture luminaires for its northeast corridor station

platforms. (*See*, Plaintiff's Responses to Defendant and Third-Party Plaintiff's Requests for Admissions and Interrogatory (Response #1), attached to Forum's Statement of Points and Authorities as **Exhibit "A"**. *See also*, deposition testimony of Ellen Taylor, p. 44, attached to Forum's Statement of Points and Authorities as **Exhibit "Q"**).

3. On or about September 1, 1998, Amtrak formally requested Forum to submit a proposal for prototype development (Phase 1) and, if selected after prototype development, for manufacture of luminaires (Phase 2) of Amtrak's program. (*See*, Plaintiff's Responses to Defendant and Third Party Plaintiff's Requests for Admissions and Interrogatory (Response #2), attached to Forum's Statement of Points and Authorities as **Exhibit "A"**).

4. Forum, in turn, submitted its technical proposal and quotation for Phase 1 and Phase 2 of Amtrak's program on or about September 21, 1998. (*See*, Plaintiff's Responses to Defendant and Third Party Plaintiff's Requests for Admissions and Interrogatory (Response #3), attached to Forum's Statement of Points and as **Exhibit "A"**).

5. During Phase 1, Forum undertook significant measures to develop a prototype that complied with the design specifications provided by Amtrak. Forum continuously and routinely worked with representatives of Amtrak, as well as certain third-party architects and consultants retained by Amtrak, to ensure compliance. Forum, specifically, worked with Amtrak during Phase 1 of the program to develop a prototype that complied with the specifications provided by and was acceptable to Amtrak. Additionally, independent, third-party entities (*e.g.*, Fisher Marantz Stone, Inc., Wilger Testing Company, and Pittsburgh Testing Labs) participated in the development of Forum's prototype and evaluated or tested the same. (*See*, Defendant and Third Party Plaintiff's Answers to Plaintiff's Interrogatories (Answer #5), attached to Forum's Statement of Points and Authorities as **Exhibit "B"**. *See also*, deposition testimony of Ellen

Taylor, pp. 28-29, 43-45, attached to Forum's Statement of Points and Authorities as **Exhibit "Q"**).

6. Forum's Phase 1 efforts along these lines were in furtherance of one objective: consistent with its custom of providing quality commercial luminaires, to furnish Amtrak a quality prototype that the latter would find acceptable. (*See*, deposition testimony of Paula Garret, p.11, attached to Forum's Statement of Points and Authorities as **Exhibit "C"**).

7. Accordingly, in 1999, Forum submitted for Amtrak's consideration both a design testing protocol and prototype luminaires. Forum's submission specifically included its provision of luminaires which were installed in March, 1999, in an Amtrak station located in Philadelphia, Pennsylvania.[1] After careful examination by Amtrak, Amtrak approved the Forum luminaires, selected Forum, over its competitors, as the supplier of Amtrak's luminaires, and awarded Forum Phase 2 of the program on May 20, 1999. (*See*, Letter from Amtrak's Michael McGraw dated May 20, 1999, and accompanying documents (Amtrak 000555-57), attached to Forum's Statement of Points and Authorities as **Exhibit "D"**). In sum, Phase 1 consisted of representatives of Amtrak, Forum, and third-party entities working cooperatively to develop, evaluate, and test a prototype, which Amtrak ultimately accepted. (*See*, *e.g.*, deposition testimony of Ellen Taylor, pp. 28-29, 43-45, attached to Forum's Statement of Points and Authorities as **Exhibit "Q"**).

8. During Phase 2, Forum manufactured the requested luminaires, as approved by Amtrak during Phase 1, in accordance with the design specifications and used, among other component parts, ballasts supplied by Third-Party Defendant, Advance Transformer Co. ("Advance") and draw latches or clips supplied by Third-Party Defendant, Southco, Inc.

1. The Philadelphia prototype luminaires consisted of a 480-foot run of luminaires, all of which were carefully evaluated in accordance with the design specifications.

("Southco). (*See*, Forum's Third-Party Complaint). Moreover, Forum delivered the original luminaires to Amtrak in installments that spanned from August, 1999, to early 2000, with some later shipments of luminaires arriving for installation no later than February, 2001. All of the original luminaires, with the exception of the New London luminaires, were delivered by early 2000. (*See*, Affidavit of Paula L. Garret, attached to Forum's Statement of Points and Authorities as **Exhibit "E"**. *See also*, true and correct copies of delivery-date documentation, attached to Forum's Statement of Points and Authorities as **Exhibit "G"**. *See also*, deposition testimony of Ellen Taylor, p. 121, attached to Forum's Statement of Points and Authorities as **Exhibit "Q"**).

9. Amtrak allegedly began experiencing problems with the original luminaires, shortly after delivery, during its installation of the same. (*See*, Amtrak's First Amended Complaint. *See also*, deposition testimony of Ellen Taylor, p. 109, attached to Forum's Statement of Points and Authorities as **Exhibit "Q"**).[2]

10. Even Amtrak's own engineering department knew of the alleged problems with the original luminaires no later than July 14, 2000, when it finalized a formal report on the topic titled, "HRS Platform Lighting Luminaire Review of Design, Prototype Development and Installation." (*See*, Amtrak's July 14, 2000, Engineering Report, attached to Forum's Statement of Points and Authorities as **Exhibit "H"**).

11. Amtrak's engineering department actually began its investigation into the alleged problems with the original luminaires earlier and, thus, first learned of the same well before finalizing its July 14, 2000, report. For example, Amtrak engineers prepared a draft of the July 14, 2000, Engineering Report no later than February 16, 2000. (*See*, Amtrak's February 16,

---

2. Employees of Amtrak and Amtrak-selected contractors installed the Forum-supplied luminaires; Forum did not participate in the installation. (*See*, deposition testimony of Ellen Taylor, p. 121-122, attached to Forum's Statement of Points and Authorities as **Exhibit "Q"**).

2000, draft of the July 14, 2000, Engineering Report, attached to Forum's Statement of Points and Authorities as **Exhibit "N"**).

12. Although Amtrak had taken delivery of all of the original luminaires by February, 2001, with the last being delivered to Amtrak's New London station, Amtrak waited until 2005 to file this lawsuit. (*See*, *e.g.*, Affidavit of Paula L. Garret, attached to Forum's Statement of Points and Authorities as **Exhibit "E"**. *See also*, Amtrak's Complaint and First Amended Complaint).

13. Amtrak filed a Complaint on September 16, 2005, and a First Amended Complaint on October 27, 2005. Amtrak advanced the following claims against Forum in this case: (a) rejection/revocation of acceptance, (b) breach of contract, (c) breach of implied warranty of good faith and fair dealing, (d) breach of express warranty, (e) breach of implied warranty, (f) negligence, (g) fraud, and (h) unjust enrichment. (*See*, Amtrak's First Amended Complaint.)

14. Forum, in its November 10, 2005, Answer, denied all of these claims and continues to deny liability to Amtrak under any theory of recovery. (*See*, Forum's Answer to Amtrak's Amended Complaint.)

15. Further, as a result of its learning that the problems alleged by Amtrak originated with the ballasts supplied by Advance and the draw latches or clips supplied by Southco, Forum, on May 8, 2006, joined Advance and Southco and asserted the following claims: (a) breach of contract, (b) unjust enrichment, (c) breach of express warranty, (d) negligence, and (e) common law contribution and indemnity. (*See*, Forum's Third-Party Complaint.)

16. As a result of Orders entered by the Court on August 25, 2006, and September 16, 2006, that properly focused the parties' discovery efforts to the issue of the statute of limitations and instructed the parties to file dispositive motions briefing said issue, Forum submits this

Statement of Material Facts in conjunction with its Statement of Points and Authorities in Support of its Motion for Summary Judgment Raising the Defense of the Statute of Limitations. As discussed in the latter, all of Amtrak's claims are stale and should be dismissed as to Forum. (*See*, Orders of Court, dated August 25, 2006, and September 16, 2006).

Dated: February 12, 2007

Respectfully submitted,

By: /s/ *Steven W. Zoffer*

Steven W. Zoffer, Esquire
D.C. Bar #435772
Douglas M. Grimsley, Esquire
D.C. I.D. #PA0019
Dickie, McCamey & Chilcote, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA 15222
(412) 281-7272 (Telephone)
(412) 392-5397 (Facsimile)
szoffer@dmclaw.com
dgrimsley@dmclaw.com

*Counsel for Defendant/Third-Party Plaintiff, Forum, Inc.*

**CERTIFICATE OF SERVICE**

I, Douglas M. Grimsley, Esquire, hereby certify that a true and correct copy of the foregoing Statement of Material Facts has been served this 12th day of February, 2006, electronically and via U.S. first class mail, postage prepaid, to the following counsel of record:

Stephen M. Ryan, Esquire
Stephen L. Neal, Jr., Esquire
Manatt, Phelps & Phillips, LLP
700 12th Street, N.W., Suite 1100
Washington, DC 20005
***Counsel for Plaintiff***

Joseph Brooks, Esquire
Wade B. Wilson, Esquire
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
***Counsel for Advance Transformer, Co.***

Russell J. Ober, Jr., Esquire
Patricia L. Dodge, Esquire
Meyer, Unkovic & Scott LLP
1300 Oliver Building
Pittsburgh, PA 15222-2304
***Counsel for Southco, Inc.***

/s/ Douglas M. Grimsley
Douglas M. Grimsley, Esquire